**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  **KRISTY L. PARRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-739-GKF-TLW** |
| | ) | |
| 1.  **LIBERTY TIRE RECYCLING, LLC, a** | ) | |
| **foreign for profit limited liability company,** | ) | *Jury Trial Demanded* |
| | ) | |
| **Defendant.** | ) | *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Kristy L. Parrick, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1.      Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2014) and 28 U.S.C.A. § 1343(a)(4) (West 2014), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2014).

2.      Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3.      Plaintiff Kristy L. Parrick, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Creek County, Oklahoma.

4.      Defendant Liberty Tire Recycling, LLC ("Liberty"), at all times relevant to the claims alleged herein, upon information and belief, was and is a foreign limited liability company operating in and under the laws of the State of Oklahoma, was and is an employer

affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(b), and operates tire recycling business in the City of Bristow, Creek County, Oklahoma.

5.      Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

## STATEMENT OF THE FACTS

6.      Plaintiff Kristy L. Parrick incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7.      Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant Liberty within the meaning of 42 U.S.C.A. § 2000e(f) (West 2014), working in the capacity of "Transportation Manager."

8.      Plaintiff is and was a member of a legally recognized protected class, i.e. female.

9.      Plaintiff began her employment with Liberty in April, 2011, in the position of Dispatcher /Gate Administrator.

10.     Over the course of time, Plaintiff was promoted to the position of Transportation Manager, which entailed substantially greater responsibilities and pay than those of Dispatcher /Gate Administrator.

11.     Additionally, Plaintiff was the only female department manager at Defendant Liberty's location in Bristow, Oklahoma.

12.     Plaintiff's supervisor at Liberty was a male by the name of Kelly Sadler, who was the General Manager of Defendant Liberty's location in Bristow, Oklahoma.

13.     Sadler was in the habit of hugging female employees, a practice to which Plaintiff objected and refused to participate.

14.     Accordingly, beginning in March, 2013, and particularly after Plaintiff made known her objection to the hugging, Plaintiff began to experience treatment which was different than her male counterparts, treatment that was designed to diminish her in her workplace.

15.     Plaintiff would routinely be excluded from meetings and luncheons in which the General Manager and other male department managers attended.

16.     On April 17, 2013, Plaintiff was attended a meeting of department managers.

17.     On that date, General Manager Kelly Sadler demeaned Plaintiff in front of the other [male] managers by berating and yelling at Plaintiff, and additionally, stated to Plaintiff to put on her "big girl *panties*."

18.     Sadler did not subject any of the other [male] managers to similar criticism or mistreatment.

19.     Moreover, Sadler followed up that meeting by sending a number of disparaging emails to Plaintiff, as well as continued to treat her in demeaning fashion in their face-to-face encounters.

20.     On May 2, 2013, Sadler's discriminatory conduct directed at Plaintiff came to a head that ended Plaintiff's tenure with Liberty.

21.     On that date, Plaintiff was summoned into Sadler's office, where Plaintiff was also met by another department head, Kevin Brown, who was the Grade /Loss Prevention Manager for Liberty.

22.     At that meeting, Sadler informed Plaintiff that her salary was to be reduced nearly forty percent (40 %), allegedly so that Liberty could save money.

23.     However, upon information and belief, Plaintiff was the only manager to be targeted for a salary reduction.

24.     Instead of taking such a financial blow, Plaintiff constructively discharged from her position with Liberty.

25.     Further, Plaintiff was replaced in that position by a male, Boyd Lauderback, who was reputed to treat women in a demeaning fashion; at a driver's meeting, Lauderback referred to the female employees at Liberty as "bitches."

26.     Moreover, Lauderback, who replaced Plaintiff in the Transportation Manager position, was given a salary higher than that which had been paid to Plaintiff.

27.     In the wake of her discharge, Plaintiff was awarded unemployment compensation by the Oklahoma Employment Security Commission, which found that her separation from her employment with Liberty qualified as a "good cause" due to the percentage by which Plaintiff's salary was to be reduced.

28.     Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), on or about November 18, 2013, by and through her retained counsel, as Plaintiff's EEOC complaint was filed within 300 days of the incidents giving rise to this action.

29.     On September 16, 2014, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," which was received by Plaintiff through her counsel on September 18, 2014, meaning that this matter has been timely filed, within ninety (90) days of the receipt of said Right to Sue Letter.

### FIRST CAUSE OF ACTION
#### UNLAWFUL DISCRIMINATION / HOSTILE WORK ENVIRONMENT
#### TITLE VII, 42 U.S.C.A. § 2000e(k) (WEST 2014)
#### AS TO DEFENDANT LIBERTY TIRE RECYCLING

30.     Plaintiff Kristy L. Parrick incorporates paragraphs 1 through 29 herein as if fully set forth verbatim.

31.     Kelly Sadler, General Manager of Defendant Liberty in Bristow, was Plaintiff's supervisor.

32.     As Plaintiff's supervisor, Kelly Sadler had the power to affect Plaintiff's terms and conditions of employment, i.e., Sadler had the authority to hire, fire, demote, transfer or discipline Plaintiff.

33.     Kelly Sadler subjected Plaintiff to unwelcome and offensive conduct by directing demeaning comments at Plaintiff in the presence of Plaintiff's fellow male department head employees.

34.     Further, Kelly Sadler reduced Plaintiff's income by nearly forty percent (40%), an action that was not directed at Plaintiff's similarly situated male department head colleagues at Liberty.

35.     Kelly Sadler's conduct occurred because of Plaintiff's sex, female.

36.     Kelly Sadler's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive.

37.     Plaintiff believed that her workplace was hostile or abusive.

38.     Kelly Sadler's conduct subjected Plaintiff to a tangible employment action, i.e., caused Plaintiff to constructively discharge from her employment with Defendant Liberty.

39.     Subsequent to Plaintiff's separation from her employment with Defendant Liberty, Sadler installed a male in Plaintiff's former Transportation Manager role, and with a salary greater than that received by Plaintiff.

40.     As a result of the actions constituting a hostile work environment because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

## SECOND CAUSE OF ACTION
### Constructive Discharge
### Title VII, 42 U.S.C.A. § 2000e(k) (West 2014)
### As to Defendant Liberty Tire Recycling

41.     Plaintiff Kristy L. Parrick incorporates paragraphs 1 through 40 herein as if fully set forth verbatim.

42.     Kelly Sadler, General Manager of Defendant Liberty in Bristow, was Plaintiff's supervisor.

43.     As Plaintiff's supervisor, Kelly Sadler had the power to affect Plaintiff's terms and conditions of employment, i.e., Sadler had the authority to hire, fire, demote, transfer or discipline Plaintiff.

44.     Kelly Sadler subjected Plaintiff to unwelcome and offensive conduct by directing demeaning comments at Plaintiff in the presence of Plaintiff's fellow male department head employees.

45.     Further, Kelly Sadler reduced Plaintiff's income by nearly forty percent (40%), an action that was not directed at Plaintiff's similarly situated male department head colleagues at Liberty.

46.     Kelly Sadler's conduct occurred because of Plaintiff's sex, female.

47.     Kelly Sadler's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive.

48.     Plaintiff believed that her workplace was hostile or abusive.

49.     Plaintiff quit her job because Kelly Sadler, as Plaintiff's supervisor, made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's position would have no alternative but to resign.

50.     As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

### PUNITIVE AND EXEMPLARY DAMAGES

51.     Plaintiff Kristy L. Parrick incorporates paragraphs 1 through 50 herein as if fully set forth verbatim.

52.     The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

53.     As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior, subject to applicable statutory caps.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Kristy L. Parrick prays this Court will grant to her the following relief:

A.      Judgment against Defendant Liberty in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.      Punitive damages against Defendant Liberty where permitted by law;

C.       Order Defendant Liberty to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.      Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid–Continent Tower, Suite 450
Tulsa, Oklahoma 74103
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*Kristy L. Parrick*